UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. FISH,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH J. HENNESSY,<br><br>Defendant. | No. 12 C 1856<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

This supplementary proceeding arises from a judgment entered, on February 9, 2012, by the federal court in Cincinnati, Ohio, in *Fish v. Hennessy,* No. 1:10-cv-380 (S.D. Ohio Feb. 9, 2012), awarding Plaintiff William A. Fish $964,521, plus interest, fees, and costs, against Defendant Joseph J. Hennessy (Ohio Judgment). Once Fish registered a certified copy of the Ohio Judgment in this Court, pursuant to 28 U.S.C. § 1963, that judgment had the "same effect as a judgment of" this Court. In enforcing a judgment of this Court, Rule 69(a) directs that "proceedings . . . must accord with the procedure of the state where the court is located." *Cacok v. Covington,* 111 F.3d 52, 53 (7th Cir. 1997) ("[I]n proceedings to execute a judgment, . . . we must look to Illinois law to determine what remedies may be available to [plaintiff] in this supplementary proceeding."); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 852 (7th Cir. 1981) ("The Federal Rules of Civil Procedure directed the district court to apply Illinois law" to citations to discover assets.). The parties have con-

sented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On August 26, 2013, Fish filed a Motion to Reverse-Pierce the Corporate Veil against Hennessy, Resources Planning Group, Inc. (RPG Inc.), and Resources Planning Group, LLC (RPG LLC, and together with RPG Inc., the RPG Entities), requesting that the Court reverse-pierce the RPG Entities. (Dkt. 141 at 1). Fish contends that judgment debtor Hennessy has used the RPG Entities in a manner ignoring corporate formalities, including comingling assets, making improper transfers, and blatantly violating court orders. (*Id.*). Fish requests an order allowing him to reverse-pierce the RPG Entities so that he can collect on the Ohio Judgment directly from the assets of RPG Inc. and RPG LLC. (*Id.* at 20). On September 18, 2013, Hennessy and the RPG Entities filed a partial response to the motion, arguing that the Court does not have subject matter jurisdiction to hear the motion and requesting the Court to first rule on the jurisdiction issue before determining the merits of Fish's request. (Dkt. 145 at ¶¶ 1–5). For the reasons set forth below, the motion to reverse-pierce is denied.

## DISCUSSION

Under Illinois law, supplementary proceedings to discover assets are governed by 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. *See Star Ins. Co. v. Risk Mktg. Group Inc.*, 561 F.3d 656, 662–63 (7th Cir. 2009); *JPMorgan Chase Bank v. PT Indah Kiat Pulp & Paper*, No. 02 C 6240, 2012 WL 2254193, at *1 (N.D. Ill. June 14, 2012); *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054, 1057 (Ill. App. Ct. 1994).

The citation statute "allows a judgment creditor to conduct an examination of a judgment debtor or any third party who might hold the assets of the judgment debtor." *Pyshos*, 630 N.E.2d at 1057; *see* 735 ILCS 5/2-1402(a). If the judgment creditor demonstrates that a third party possesses assets of the judgment debtor, the court can order the third party to deliver up those assets to satisfy the judgment. *Pyshos*, 630 N.E.2d at 1057; *accord Star Ins.*, 561 F.3d at 662; *JPMorgan Chase*, 2012 WL 2254193, at *2. "Therefore, the only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Pyshos*, 630 N.E.2d at 1057. "Direct piercing of the corporate veil occurs when creditors of the corporation are trying to reach the shareholder; reverse piercing occurs when creditors of the shareholder are trying to reach the corporation." *Scholes v. Lehmann*, 56 F.3d 750, 758 (7th Cir. 1995).[1] Because an inquiry on a request to pierce the corpo-

---

[1] "The typical 'reverse pierce' case involves a corporate insider, or someone claiming through such individual, attempting to pierce the corporate veil from within so that the corporate entity and the individual will be considered one and the same. A variant of this theory is where an outsider attempts to meld the shareholder and corporation into one entity." 1 Fletcher Cyc. Corp. § 41.70 (footnote omitted). While the law is far from settled, it appears that Illinois prohibits reverse piercing by insiders, but allows reverse piercing actions by outsiders. *Compare In re Rehab. of Centaur Ins. Co.*, 632 N.E.2d 1015, 1018 (Ill. 1994) (Illinois Supreme Court declining to "expand the doctrines of alter ego and piercing the corporate veil to include a subsidiary's bringing an action against its parent corporation."), *Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 241 (Ill. 2007) ("In essence, defendant is requesting that it be allowed to pierce its own corporate veil in order to avoid liability. Illinois courts have consistently expressed reluctance for allowing such a practice."), *and Trossman v. Philipsborn*, 869 N.E.2d 1147, 1173 (Ill. App. Ct. 2007) (observing that Illinois Supreme Court "explicitly rejects the use of reverse piercing from within to benefit the corporate subsidiary or the corporate shareholders"), *with In re Canopy Fin., Inc.*, 477 B.R. 696, 703 (N.D. Ill. 2012) (concluding that Illinois law "permits reverse-piercing the corporate veil, reaching through an individual to the corporation he controls[,]" in an attempt by outsiders

rate veil is much broader and "does not require any allegations that assets of the judgment debtor corporation are in the hands of the third party shareholders or directors, . . . what must be alleged to pierce the corporate veil does not fall within the scope of what may be heard in supplementary proceedings." *Pyshos*, 630 N.E.2d at 1057–58; *see Star Ins.*, 561 F.3d at 660 (concluding that "Illinois courts likely would not permit veil-piercing in supplementary proceedings under § 5/2-1402"); *see also Lange v. Misch*, 598 N.E.2d 412, 415 (Ill. App. Ct. 1992) (piercing the corporate veil in a supplementary proceeding is improper). Instead, a judgment creditor seeking to pierce the corporate veil should file a separate action to hold individual shareholders and directors liable for the judgment of the debtor corporation. *Pyshos*, 630 N.E.2d at 1058 ("Alternatively, a judgment creditor may choose to file a new action to pierce the corporate veil to hold individual shareholders and directors liable for the judgment of the corporation. A new proceeding is proper because, where a party

---

to meld a corporation and an individual director), *Sea-Land Servs., Inc. v. Pepper Sauce*, 941 F.2d 519, 520–22 (7th Cir. 1991) (applying Illinois law in a reverse-piercing context), *Boatmen's Nat'l Bank of St. Louis v. Smith*, 706 F. Supp. 30, 31–32 (N.D. Ill. 1989) (concluding that Illinois law would allow reverse-piercing in some situations), *and Crum v. Krol*, 425 N.E.2d 1081, 1088–89 (Ill. App. Ct. 1981) ("While we realize that the concept of a 'reverse pierce' has not been at issue in the overwhelming number of the corporate veil cases, we believe the same equitable considerations of preventing injustice should apply when it is a third party, rather than a shareholder or officer, who attempts to use the corporate entity as a shield."). Nevertheless, reverse piercing of the corporate veil is seldom applied. *See Scholes*, 56 F.3d at 758 ("Reverse piercing is ordinarily possible only in one-man corporations, since if there is more than one shareholder the seizing of the corporation's assets to pay a shareholder's debts would be a wrong to the other shareholders."); *Trossman*, 869 N.E.2d at 1171 (A court will reverse pierce the corporate veil only when "(1) an insider owns all, or substantially all, of the stock; (2) the insider treats the property as his own; and (3) no shareholder or creditor would be adversely affected."); *see also* 1 Fletcher Cyc. Corp. § 41.70 ("In determining whether the corporate veil can be pierced to satisfy the debt of an individual out of corporate assets, potential harm to innocent shareholders or corporate creditors must be considered.").

obtains a judgment against another party, the underlying claim merges with the judgment and the judgment becomes a new and distinct obligation of the corporation which differs in nature and essence from the original claim."); *Lange*, 598 N.E.2d at 415 ("Lange should instead have filed—and on remand may yet do so—a separate petition to pierce the corporate veil, thereby providing Misch with appropriate notice of the claim, the remedy sought, and an appropriate pleading on which separate proceedings could have been held.").

Nevertheless, Fish contends that Seventh Circuit precedent authorizes judgment creditors to pursue "piercing" actions within a pending post-judgment case without having to file a separate lawsuit. (Dkt. 150 at 2) (citing *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 419 F.3d 594 (7th Cir. 2005)). In *Brandon*, a physician won a $2.53 million judgment for retaliatory discharge against his former employer, Anesthesia & Pain Management Associates (APM). 419 F.3d at 595–96. After APM refused to pay the judgment, Brandon issued citations against APM and its three doctor owners, in the course of which he learned that after he had filed his original lawsuit, APM had transferred $878,000 in accounts receivable receipts and $300,000 in cash bonuses to the three physician owners and to two other physicians who were employees of the corporation. *Id.* at 596; *see Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, No. 97 CV 1004 (S.D. Ill. June 11, 2003) (issuing citations). Shortly thereafter, Brandon filed a separate supplementary proceeding in the form of a civil complaint naming the three physician shareholders and a new corporation that the three physicians had formed the day after Brandon won his

verdict in the tort action, St. Clair Anesthesia, Ltd. *Brandon*, 419 F.3d at 596; *see Brandon v. St. Clair Anesthesia, Ltd.*, No. 03 CV 0493 (S.D. Ill. filed July 30, 2003). The Seventh Circuit concluded that "since APM was a shell, Brandon was entitled to pierce the corporate veil and levy on the owners' personal assets to the full extent of his judgment." *Brandon*, 419 F.3d at 597. Fish argues that *Brandon* "specifically authorize[s him] to pursue [his reverse-piercing action] within [his] pending post-judgment case itself." (Dkt. 150 at 2). But Fish misapprehends what transpired in *Brandon*. As noted above, Brandon filed a *second supplementary* action to pierce the corporate veil—*separate* from his citations against APM and the three physician shareholders to enforce the judgment. *See Brandon*, 419 F.3d at 596. *Compare Brandon*, No. 97 CV 1004 (issuing citations on June 11, 2003), *with Brandon*, No. 03 CV 0493 (filing separate action to pierce on July 30, 2003). Brandon's separate action did exactly what *Psychos* and *Lange* suggested that judgment creditors do when seeking to pierce the corporate veil—file a separate action, providing St. Clair and the three shareholders with notice of an intent to pierce the corporate veil to secure payment of APM's judgment. *Brandon*, No. 03-493 (S.D. Ill. filed July 30, 2003). Thus, contrary to Fish's argument, *Brandon* does not support his attempt to reverse-pierce the corporate veil *within* his pending post-judgment case.

Fish also argues that a recent amendment to the citation statute allows him to *reverse-pierce the corporate veil* within the existing supplementary proceeding. (Dkt. 150 at 6–8). Effective January 1, 2008, 735 ILCS 5/2-1402(c)(3) was amended by P.A. 95-661, adding a second sentence that allowed "[a] judgment creditor [to] re-

cover a *corporate* judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings." (Emphasis added). The leading treatise on the enforcement of judgments in Illinois opines that the amendment "permits the court to hear a petition in the nature of an action to pierce the corporate veil in the context of a citation proceeding rather than forcing the creditor to file a new action as was required by *Lange* and *Pyshos*." Robert G. Markoff & Christopher J. McGeehan, *Creditors' Rights in Illinois* § 2.53, at 2-48 (IICLE 2009, Supp. 2011). Similarly, one of the treatise's editors concluded that 735 ILCS 5/2-1402(c)(3) was amended

> to allow a judgment creditor to recover a *corporate* judgment debtor's property by filing a petition within the citation proceedings. This process ends the question of whether or not a creditor must file a brand new complaint to pierce a corporate veil or set aside a fraudulent transaction in circumstances where specific funds or property are to be recovered.

Robert G. Markoff, *Survey of Illinois Law: Enforcement of Judgments*, 33 S. Ill. U. L.J. 631, 643 (2009) (emphasis added). No court—in Illinois or the Seventh Circuit—has yet addressed the amendment's effect on the *Star Insurance* holding or the cases on which it relied, including *Pyshos* and *Lange*. *See JPMorgan Chase*, 2012 WL 2254193, at *3. Regardless, even assuming the Court were inclined to conclude that the Illinois citation statute now allows piercing actions within the citation proceeding, the amendment, on its face, does not apply where a creditor wants to reverse-pierce a corporate veil thereby reaching through an individual debtor to the corporation he controls.

The amended language clearly applies only to a judgment creditor seeking to recover a *corporate* judgment debtor's property, 735 ILCS 5/2-1402(c)(3), and Hennessy is not a *corporate* judgment debtor. A well-established principle of statutory construction urges courts to interpret statutes in a way that makes every part of the statute meaningful. *River Road Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 651 (7th Cir. 2011) ("Interpretations that result in provisions being superfluous are highly disfavored."); *In re Lieberman*, 776 N.E.2d 218, 223 (Ill. 2002) ("Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous."). Moreover, the Illinois citation statute frequently uses the term "judgment debtor" without restricting it to a "*corporate* judgment debtor." Indeed, the first sentence of § 5/2-1402 applies to all judgment debtors, not just corporate judgment debtors. *See Lieberman*, 776 N.E.2d at 223 ("Legislative intent can be ascertained from a consideration of the entire Act . . . .") (citation omitted). Thus, the Legislature must have intended to restrict the amended language to only *corporate* judgment debtors, which Hennessy is not.

Fish requests the Court to ignore that § 5/2-1402(c)(3) applies only to *corporate* judgment debtors. While the Court is puzzled why the Legislature chose to allow direct piercing of the corporate veil in a supplementary proceeding, but not reverse piercing, the unsettled nature of the law on reverse piercing, *see supra* note 1, may have been a contributing factor. Nevertheless, the Court cannot ignore the clear language of the amended statute.

In sum, the Court concludes that it lacks jurisdiction to rule on Plaintiff's motion within the existing supplementary proceeding. The Court's decision is without prejudice to Fish filing a separate action to reverse-pierce the corporate veil.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reverse-Pierce the Corporate Veil [141, 142] is DENIED WITHOUT PREJUDICE. Defendant's Motion to Bifurcate and Stay Response [145, 147] is GRANTED IN PART. Defendant's request for sanctions is denied.

E N T E R:

Dated: October 24, 2013

MARY M. ROWLAND
United States Magistrate Judge